IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GREAT AMERICAN INSURANCE COMPANY,

        Plaintiff,

v.                                      CIVIL ACTION NO.  3:13-27225

ALETTA K. CHAPMAN, RICHARD A. CHAPMAN,
J. BRIAN HINKLE, and ANGELA R. HINKLE,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Great American Insurance Company's (Great American's) Motion to Dismiss Defendants Aletta K. Chapman and Richard A. Chapman's Counterclaim. ECF No. 9. For the following reasons, the Court **GRANTS** the motion.

## I.
## FACTUAL AND PROCEDURAL HISTORY

On October 29, 2013, Great American filed a Complaint in this Court regarding the execution of surety bonds by Great American on behalf of Chapman-Martin Excavation & Grading, Inc. (Chapman-Martin). In the Complaint, Great American states it received notice of various claims by and demands for payment by obligees, subcontractors, suppliers, and laborers who worked on projects on behalf of Chapman-Martin, as principal. Great American asserts that, thus far, it has paid $841,059.95 in claims and has recovered $160,933.44. In addition, Great American states it has incurred $291,201.06 in investigating and settling the claims.

Great American alleges that the Chapmans entered into an Indemnity Agreement with it, in which the Chapmans agreed, in part, to "hold harmless and keep the Surety indemnified from and against any and all liability for losses, costs, and/or expenses of whatsoever kind or nature . . . and from and against any and all such losses and/or expenses which the Surety may sustain and incur[.]" *Complaint*, at 2, in part (quoting *Agreement of Indemnity*, at 1 (July 9, 2009)). Great American claim that it demanded the Chapmans perform under the agreement and reimburse, exonerate, and indemnify it for its losses, potential losses, and expenses, but the Chapmans have failed to comply with the agreement.[1] The Chapmans answered the Complaint and filed a counterclaim on December 2, 2013. In turn, Great American has filed the present motion to dismiss the counterclaim for failure to state a cause of action under Rule 12(b)(6).

## II.
## STANDARD OF REVIEW

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint, or in this case, the counterclaim. This standard requires the counterclaimant to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the counterclaim as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the counterclaim, assuming their truth, do "not raise a claim of entitlement to

---

[1] Great American filed an Amended Complaint, without seeking or receiving leave by the Court, on February 28, 2014.

relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are

no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

### III.
### DISCUSSION

In this case, the counterclaim made by the Chapmans provides, in full:

> Defendants jointly assert a counterclaim against plaintiff arising from its breach of contract and breach of its fiduciary duties arising from payment of frivolous and otherwise non-meritorious claims for which it seeks reimbursement, and otherwise asserts claims against plaintiff.
>
> Defendants seek a sum of money which shall serve to fairly compensate them.

*Answer of Aletta Chapman and Richard Chapman with Counterclaim*, at 2. The Court finds this counterclaim is nothing more than a mere conclusory statement that fails to allege sufficient facts to survive a motion under Rule 12(b)(6). Although detailed factual allegations are not required under Rule 8, the Chapmans have alleged *no* facts to support this statement. Thus, it is subject to dismissal under Rule 12.

### IV.
### CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** Great American's Motion to Dismiss Counterclaim. ECF No. 9.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 5, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE